UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EULICES ANTONIO C. R.,[1]<br>(A-Number: 241-850-852)<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Acting Field Officer Director of the San Francisco ICE Field Office, et al.,<br><br>Respondents. | No. 2:25-cv-03632-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br>10-DAY OBJECTION DEADLINE |

## I. BACKGROUND

Petitioner Eulices Antonio C. R. is a noncitizen whom immigration authorities released in 2022 under 8 U.S.C. § 1226(a), but then re-detained in December 2025 on the asserted ground that he was subject to detention under 8 U.S.C. § 1225(b)(2)(A). Petitioner filed a petition for writ of habeas corpus and ex parte application for temporary restraining order in the United States District Court for the Northern District of California. (*See* Docs. 1 & 2). That Court granted Petitioner's

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ex parte application for temporary restraining order on December 5, 2025. (Doc. 6). More specifically, it ordered that Petitioner be released from custody and enjoined Respondents from re-detaining him without notice and a pre-deprivation hearing before a neutral decisionmaker. (*Id*. at 3–7). The parties thereafter stipulated to transfer the action to this Court and to vacate the temporary restraining order because Petitioner was detained in this District at the time the petition was filed. (*See* Doc. 22). The parties agreed that Respondents would "stipulate to the entry of a preliminary injunction to enjoin them from re-detaining Petitioner without notice and a predeprivation hearing before a neutral decisionmaker[,]" and that Respondents would continue to adhere to the terms of the district court's temporary restraining order pending the entry of the stipulated preliminary injunction. (Doc. 22 at 2, ¶ 5).

Following the transfer of the action to this Court, the parties stipulated on December 29, 2025 "to the entry of a preliminary injunction pending further order of the Court to enjoin Respondents from re-detaining Petitioner without notice and a pre-deprivation hearing in Immigration Court, as the parties agreed to do in [the] stipulation filed on December 16, 2025." (Doc. 30 at 2). The parties further indicated that they "will submit a joint briefing schedule within 14 days of December 29, 2025, to resolve the habeas petition on the merits." (*Id*.). On December 30, 2025, District Judge Kirk E. Sherriff issued his Order Approving Stipulation and Granting Preliminary Injunction. (Doc. 31). Respondents were "enjoined and restrained, while this matter is pending, from re-detaining petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker," and the matter was referred to a magistrate judge for further proceedings. (*Id*. at 2).

On January 10, 2026, the parties filed a Stipulation to a Briefing Schedule, wherein Respondents would file opposition to the petition by February 13, 2026, and Petitioner would reply by February 27, 2026. (Doc. 33).

On February 11, 2026, Respondents filed an opposition to the habeas petition. (Doc. 34). No reply was filed.

## II. DISCUSSION

Petitioner alleges he was denied his due process rights when he was re-detained without a

pre-deprivation bond hearing. In the order granting the ex parte application for temporary restraining order, the Northern District agreed with Petitioner. (Doc. 6 at 3–6). For the same reasons stated in that order, and in other previous cases, *see Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, “Objections to Magistrate Judge’s Findings and Recommendation” and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE